## IN THE COURT OF APPEALS OF IOWA

No. 15-0576
Filed June 24, 2015

IN THE INTEREST OF F.J., J.J.,
and J.J.,
    Minor Children,

B.J., Father,
    Appellant.

_____

Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka, District Associate Judge.

A father appeals from a juvenile court order adjudicating three children in need of assistance. **AFFIRMED.**

Kim C. Roddick of Reynolds & Kenline, L.L.P., Dubuque, for father.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Ralph Potter, County Attorney, and Joshua Vander Ploeg, Assistant County Attorney, for appellee.

Patricia M. Reisen-Ottavi of Ottavi Law Office, P.C., Dubuque, for mother.

Kristy Hefel of Public Defender's Office, Dubuque, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

A father appeals from a juvenile court order adjudicating F.J. (twelve years old), Ja.J. (ten years old), and Je.J. (seven years old) children in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) and (d) (2013).[1] First, he contends the juvenile court abused its discretion in quashing the subpoena calling F.J. and Je.J. to testify at the adjudication hearing. He argues he should have been able to examine the children in order to counter the testimony of the child protective worker[2] that Je.J. had been sexually abused by the father's two stepsons. Relying on the testimony of the child protective worker and Je.J.'s therapist, the juvenile court determined that having Je.J. testify would pose a significant risk of re-traumatizing a vulnerable child, would set back her progress in therapy, and was not in her best interest. The court also determined F.J. did not observe or have any knowledge of any sexual abuse perpetrated on Je.J. and it would not be in her best interest to testify. The father also was able to cross-examine the child protective worker and therapist. On our review of the record, we agree with the juvenile court's reasoning and conclusions and find no abuse of discretion in its order quashing the subpoena. We affirm the order with no further discussion, pursuant to Iowa Court Rule 21.26(1)(d) and (e).

Second, the father contends the State did not meet its burden of establishing the children were in need of assistance pursuant to Iowa Code

---

[1] All three children have been removed from the home of the father, step-mother, and step-brothers and placed with the mother.

[2] The child protective worker conducted the initial interview with Je.J., which was recorded, and concluded Je.J. had been sexually abused by the step-brothers. She filed a founded report of sexual abuse by omission listing the step-mother as the perpetrator.

section 232.2(6)(c)(2) and (d)[3] by clear and convincing evidence. He complains Je.J.'s report to the child protective worker was unreliable and insufficient evidence to support the conclusion that the sexual abuse occurred; he further complains the evidence does not support a conclusion that the other two children have been sexually abused or suffered harm or are imminently likely to be sexually abused or harmed. The district court reviewed the video of the child protective worker's interview with Je.J. and determined—based on the detail of her descriptions, the inappropriateness of her knowledge given her age, her ability to demonstrate with her hands how the acts were performed, and her ability to describe developmental differences between the step-brothers—that Je.J.'s report of sexual abuse was credible. The court also considered the child protective worker's testimony, physical evidence from the father's home, and an inconclusive physical examination.

The court also heard evidence that the step-mother was aware of Je.J.'s allegation and took no steps to prevent further abuse; the father and step-mother punished Je.J. for disclosing the abuse; the father and step-mother deny the sexual abuse occurred and believe Je.J. made it up; the father and step-mother took steps to obstruct the investigation; and the father and step-mother have not

---

[3] A "child in need of assistance" is an unmarried child

> c. Who has suffered or is imminently likely to suffer harmful effects as a result of . . .
>> (2) The failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child.
>
> d. Who has been, or is imminently likely to be, sexually abused by the child's parent, guardian, custodian, or other member of the household in which the child resides.

Iowa Code § 232.2(6).

allowed services for the step-mother's sons, even though one has been charged with sexual abuse as a delinquent as a result of Je.J.'s report. The court concluded Je.J. was a CINA as she had both suffered sexual abuse and harm in the father's home and was imminently likely to continue to suffer sexual abuse and harm if left in the home. The court concluded J.F. and Ja.J. were CINAs, even though there was no evidence they had been sexually abused, because the father and step-mother did not respond to a report of sexual assault in their home and lacked protective capacity with regard to J.F. and Ja.J. If left in their home, J.F. and Ja.J. would be in imminent danger of suffering sexual abuse or harm as well. On our de novo review of the record, we agree with the juvenile court's reasoning and conclusions in every respect and affirm without further discussion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**